**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4168**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHIARETTA JOAN OWLE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:08-cr-00021-LHT-1)

Submitted:  August 12, 2010        Decided:  September 8, 2010

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Rich Cassady, WILLIAMS & CASSADY, PLLC, Sylva, North Carolina, for Appellant.  Edward R. Ryan, Acting United States Attorney, Charlotte,  North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chiaretta Joan Owle pled guilty to one count of robbery within the territorial jurisdiction of the United States and aiding and abetting the same, in violation of 18 U.S.C. §§ 2111, 1153, 2 (2006). The charges were based on Owle's participation in the armed robbery and beating of Bryan Shell. Owle timely appealed. On appeal, Owle asserts that the district court committed plain error in adopting ¶¶ 18 and 21 of the presentence report (PSR), pertaining to the use of a firearm during the offense and her role in the offense. Additionally, Owle asserts a claim of ineffective assistance of counsel based on trial counsel's failure to object to the alleged errors in the PSR or otherwise preserve the issues for appeal. In its response brief, the Government argues that in light of the appellate waiver provision of Owle's plea agreement, this court should dismiss the appeal.

The purpose of the Rule 11 colloquy is to ensure that the defendant enters a plea of guilty knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Prior to accepting a guilty plea, a trial court must inform the defendant of, and determine that she understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim.

2

P. 11(b).  The court also must determine whether there is a factual basis for the plea.  Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Pursuant to a plea agreement, a defendant may waive her rights to appeal under 18 U.S.C. § 3742 (2006) as long as that waiver is knowing and intelligent.  United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007).  To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted).  Generally, if the district court fully questioned a defendant regarding the waiver of her right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Owle does not contend that there were any defects in the Rule 11 colloquy or the district court's acceptance of her guilty plea.  Moreover, the language in the plea agreement setting forth the appellate waiver is clear and unambiguous.  In conducting the Rule 11 proceeding, the magistrate judge made specific note of Owle's appellate waiver.  Trial counsel also verified that he spoke with Owle concerning the waiver and that

3

he was satisfied that she understood its terms. We accordingly conclude the appellate waiver is valid and enforceable. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Thus, with the exception of Owle's claim of ineffective assistance of counsel, which is specifically exempted from the scope of the appellate waiver, we dismiss the appeal based on the appeal waiver in the plea agreement.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes ineffective assistance of counsel. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). To allow for adequate development of the record, ineffective assistance of counsel claims ordinarily should be pursued in a 28 U.S.C. § 2255 (2006) motion. United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). Because the record before this court does not conclusively establish ineffective assistance of counsel, that claim is not yet ripe for consideration, and we decline to consider that portion of the appeal.

Accordingly, for the reasons stated, we affirm as to Owle's claim of ineffective assistance of counsel and dismiss the remaining issues raised on appeal  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
